UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JESSICA AARON COMSTOCK, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:19-cv-02369-TWP-MPB |
| ANGELA OWENS, DRAKE MADDIX, J. MATTHEW BUSH, TOBY COMBEST, VELTON Officer, | ) |
| Defendants. | ) |

**Order Denying Motion for Leave to Proceed *In Forma Pauperis*,
Screening and Dismissing Complaint,
and Directing Plaintiff to Show Cause**

Plaintiff Jessica Aaron Comstock is a prisoner in the Bartholomew County Jail in Columbus, Indiana. Ms. Comstock filed this 42 U.S.C. § 1983 action against five Columbus police officers on June 13, 2019. The Court makes the following rulings.

**I. Motion For Leave To Proceed *In Forma Pauperis***

Ms. Comstock's motion for leave to proceed *in forma pauperis*, dkt. [2], is **denied** without prejudice. The motion does not comply with 28 U.S.C. § 1915(a)(2) which requires the attachment of a certified copy of the prisoner's inmate trust account financial transactions for the six-month period preceding the filing of the lawsuit. Ms. Comstock shall file another motion for leave to proceed *in forma pauperis*, documented with the required attachment, or pay the $400 filing fee to the clerk of the district court, no later than **July 19, 2019**.

## II. Screening Standard

Because Ms. Comstock is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen her complaint before service on defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Ms. Comstock are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal,* 851 F.3d at 720.

## III. The Complaint

Ms. Comstock names five officers of the Columbus Police Department as defendants: Angela Owens, Drake Maddix, J. Matthew Bush, Toby Combest, and Officer Velton. She alleges that on May 2, 2019, she was stopped by police in Columbus for traffic offenses. Officers Owens and Velton, and "possibly" Officer Maddix, searched her without a warrant at the scene of the arrest, pulling her clothes down and exposing Ms. Comstock's breasts and vagina. Officer Owens ordered Ms. Comstock to remove a bag she saw protruding from Ms. Comstock's vagina, and alleges it contained thirty-four grams of methamphetamine. Dkt. 1, pp. 3-4. Her car was impounded, searched, and her phone seized. Ms. Comstock alleges she was charged with "everything found inside the car" even though the car was not hers.

Ms. Comstock alleges violations of the Fourth, Eighth, and Fourteenth Amendments. She seeks compensatory damages and equitable relief.

**IV. Analysis**

Liberally construing the complaint, Ms. Comstock is asserting claims for unlawful search and seizure and false arrest. She asserts sufficient facts to reflect that she is currently in jail awaiting a disposition of criminal charges connected with the allegations in her complaint. The Court takes judicial notice of the Indiana state court's online docket records. *See* Fed. R. Evid. 201. The docket indicates that on May 3, 2019, Ms. Comstock was charged in Bartholomew County Superior Court 1, case number 03D01-1905-F2-002553, with, among other charges, felony drug possession and drug dealing crimes. A jury trial is scheduled for October 22, 2019.

The allegations in this § 1983 lawsuit necessarily include the constitutional validity of the search, seizure, and arrest of Ms. Comstock. Principles of comity and federalism dictate that a federal court will not intervene in ongoing state court proceedings absent certain extraordinary circumstances. "[F]ederal courts are required by *Younger v. Harris*, 401 U.S. 37 (1971), to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *Tobey v. Chibucos*, 890 F.3d 634, 651 (7th Cir. 2018) (citing *Middlesex Cnty Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982); *Village of DePue v. Exxon Mobil Corp.*, 537 F.3d 775, 783 (7th Cir. 2008)).

More specifically, federal courts are required to abstain from interference in ongoing state proceedings when they are "(1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002) (citing *Middlesex Cnty. Ethics Comm*, 457 U.S. at 432, 436–37

(1982), and *Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir. 1998)). "Extraordinary" or "special" circumstances that would override *Younger* abstention are generally limited to issues of double jeopardy and speedy trial. *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 489–92 (1973); *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010). The Seventh Circuit has further explained that the *Younger* doctrine permits federal relief only where "immediate federal intervention is necessary . . . ." *Sweeney*, 612 F.3d at 573. These circumstances are not present in this case.

Therefore, pursuant to *Younger*, this action will be dismissed without prejudice. Because Ms. Comstock was searched and arrested just six weeks ago, any applicable statute of limitations on the § 1983 actions is not of immediate concern and there is no need to hold this action in abeyance pending the completion of state court criminal proceedings.

### V. Opportunity to Show Cause

Ms. Comstock shall have until **July 19, 2019**, to show cause why this action should not be dismissed without prejudice and final judgment entered. The failure to show cause by this deadline will result in the dismissal of this action and the entry of final judgment without further notice.

### VI. Conclusion

For the reasons explained in Section IV of this Order, Ms. Comstock's June 13, 2019, complaint is **dismissed without prejudice**.

**IT IS SO ORDERED**.

Date: 6/17/2019

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jessica Aaron Comstock
Bartholomew County Jail
543 2nd Street
Columbus, IN 47201